UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ALBERT CAMPBELL (A-240-443-013),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER<br>Respondents. | No. 1:26-cv-07792-DAD-CSK<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner Richard Albert Campbell (A-240-443-013), a citizen and native of Jamaica, entered the United States in August 2019 and filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] U.S. Immigration & Customs Enforcement ("ICE") officers detained him in December 2026 after a criminal arrest. This is petitioner's second habeas petition. For the reasons that follow, the Court recommends dismissing the petition.

## I. FACTUAL BACKGROUND

Petitioner is a national and citizen of Jamaica. (ECF No. 1 at 1.) On August 28, 2019, petitioner entered the United States with a visitor visa permitting him to stay until February 2020. See Campbell v. Warden of the California City Detention Facility et al, No. 1:26-cv-04505-DAD-CSK, 2026 WL 2149763 ("Campbell I") (ECF No. 9 at 9). He remained in the U.S. beyond the time permitted. (Id.) On February 10, 2023, ICE arrested petitioner and initiated removal

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

proceedings against him. (Id.) An immigration judge later granted release on bond. (Campbell I, ECF No. 9 at 26.) On December 26, 2025, petitioner was arrested for possession of a controlled substance without a prescription and driving with a suspended license. (Campbell I, ECF No. 9 at 23.) ICE detained him the same day. (Campbell I, ECF No. 9 at 9.) Petitioner received a bond hearing on February 25, 2026 in which an immigration judge denied bond, finding petitioner to be a danger to the community. (Campbell I, ECF No. 9 at 33.) On July 30, 2026, an immigration judge issued a removal order against petitioner, who appealed the removal order to the Board of Immigration Appeals ("BIA") on August 25, 2026. See EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation.

## II. PROCEDURAL BACKGROUND

On June 11, 2026, petitioner filed his first petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the Eastern District of California, challenging his detention on Fifth Amendment due process grounds. (Campbell I, ECF No. 1) On July 27, 2026, the undersigned issued findings and recommendations, recommending that the petition be denied because petitioner had received a bond hearing and had not exhausted administrative remedies. (Campbell I, ECF No. 10.)

On September 23, 2026, petitioner filed the instant habeas petition in this district along with a motion to expedite consideration and a motion for temporary restraining order. (ECF Nos. 1, 2, 3.) On September 24, 2026, the two cases were related and reassigned. (ECF No. 6.) Respondent filed a motion to dismiss on October 26, 2026. (ECF No. 10.) Petitioner did not file a reply. Briefing is now complete.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the

Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondents' motion to dismiss, or after an answer to the petition has been filed.

## IV. DISCUSSION

In the instant petition, petitioner claims that prolonged detention without an individualized bond hearing violates the Due Process Clause of the Fifth Amendment. (ECF No. 1.) Respondent contends that petitioner's second habeas petition should be dismissed as a successive petition that raises the same issues as the first petition. (ECF No. 10.)

### A. Successive Petition

There is no statutory prohibition on second or successive habeas corpus petitions filed pursuant to 28 U.S.C. 2241. Compare 28 U.S.C. § 2255(e); 28 U.S.C. § 2244(a), (b). However, the Ninth Circuit has recognized that the common law doctrine of the abuse of the writ doctrine may apply to successive habeas petitions challenging immigration detention filed pursuant to § 2241. See Alaimalo v. United States, 645 F.3d 1042, 1049 (9th Cir. 2011). The doctrine reaches only those claims a petitioner had a full and fair opportunity to raise earlier. See Eldridge v. Howard, 70 F.4th 543, 552 (9th Cir. 2023). A petitioner has no such opportunity where "[1] the claim was not yet ripe at the time of the first petition, or [2] where the alleged violation occurred only after the denial of the first petition." Alaimalo, 645 F.3d at 1049 (internal citation

omitted). "[A] successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain that claim." Id.

The instant petition is subject to dismissal as a successive petition. The petition in Campbell I raised a single due process claim regarding his ongoing detention. (See Campbell I, ECF No. 1 at 16-17.) In the instant petition, petitioner again alleges that his detention violates the Due Process Clause. (ECF No. 1 at 4-5.) These claims both challenge the length of detention in the claimed absence of a bond hearing. Moreover, the record shows that petitioner did receive a bond hearing. (See Campbell I, ECF No. 9 at 33-36.) Petitioner has not demonstrated cause for bringing a successive petition or that a fundamental miscarriage of justice would result from failing to consider his claims. For these reasons, the Court finds that the petition is impermissibly successive and recommends that it be dismissed without prejudice.

## V. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 10) be GRANTED;
2. The petition for writ of habeas corpus (ECF No. 1) be DISMISSED without prejudice;
3. Petitioner's motion for temporary restraining order (ECF No. 3) be DENIED as moot;
4. Petitioner's motion to expedite (ECF No. 2) be DENIED as moot; and
5. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that

///

///

failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 20, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

11/camp7792.157.2241.imm